# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| THE HAMLIN GROUP, L.L.C., a Nebraska limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>THIRD GENERATION INVESTMENTS, INC., an Iowa corporation, ROGER BOMGAARS, and JANE BOMGAARS,<br><br>    Defendants,<br><br>and<br><br>THIRD GENERATION INVESTMENTS, INC., an Iowa corporation,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>CLOCK TOWER DEVELOPMENT, L.L.C.,<br><br>    Third-Party Defendant. | No. C 08-4036-MWB<br><br><br>MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR RULE 41(a)(2) VOLUNTARY DISMISSAL AND *SUA SPONTE* DISMISSAL OF THIRD-PARTY COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION |

_____

On April 3, 2009, plaintiff The Hamlin Group, L.L.C., filed a Motion For Rule 41(a)(2) Voluntary Dismissal (docket no. 28) seeking dismissal of this action, without prejudice, on the ground that the ownership and control of The Hamlin Group is an issue in the divorce of Jane and Jim Hamlin; that The Hamlin Group has no assets and, so,

would require advances from Jane or Jim Hamlin to pay any litigation expenses; that a temporary order has been issued in the divorce case preventing either of the Hamlins from expending any money on this case; and that the Hamlins have been unable to agree on the expenditure of out-of-pocket expenses in this case. Thus, The Hamlin Group contends that, despite engaging experts and otherwise preparing to litigate this case, it is unable to make payments on required retainers or otherwise to fund this litigation. The Hamlin Group represents that it contacted counsel for the opposing parties to request a stipulation to voluntary dismissal without prejudice, but that no agreement could be reached. Nevertheless, The Hamlin Group argues that no party will be prejudiced by voluntary dismissal, because there has been no substantial effort already expended or expense incurred to prepare the case for trial and only limited discovery has been tendered; no excessive delay or lack of diligence can be shown; it has offered an explanation for the need to dismiss; and there is no pending motion for summary judgment.

In a Resistance (docket no. 31), filed April 8, 2009, but not briefed (docket no. 39) until April 20, 2009, the defendants argue that The Hamlin Group has failed to address the part of Rule 41(a)(2) permitting voluntary dismissal over a defendant's objection, when a counterclaim is pending, only if the counterclaim can remain pending for independent adjudication. The defendants point out that both a counterclaim and a third-party claim are pending, both seeking dissolution of Clocktower Development, L.L.C., the third-party defendant, for which The Hamlin Group is the manager and one of two members (with defendant and third-party plaintiff Third Generation Investments, Inc.).[1] The defendants argue that The Hamlin Group is a necessary party to the proper adjudication of questions

---

[1]The default of Clocktower Development on the third-party claim was entered by the Clerk of Court on April 20, 2009. See docket no. 38.

and issues relating to the dissolution of Clocktower Development, so that, by analogy to the counterclaim provision of Rule 41, dismissal under Rule 41 must necessarily provide for adjudication of the third-party claim as well as the counterclaim. The defendants also contend that *Paulucci v. City of Duluth*, 826 F.2d 780 (8th Cir. 1987), on which The Hamlin Group relies for pertinent considerations, is inadequately addressed by The Hamlin Group, because the court in that case denied the motion for voluntary dismissal for reasons that are also present here. More specifically, the defendants contend that here, as in *Paulucci*, voluntary dismissal should be denied, because dismissal will leave uncertainty over the title of certain land at issue and leave the defendants, including individuals, prejudiced by the prospect of future litigation. The defendants also argue that there is no substantial justification for voluntary dismissal, because the pending divorce and the temporary order in that divorce do not prevent The Hamlin Group from continuing to litigate the case. Moreover, the defendants contend that The Hamlin Group imprudently commenced litigation of little merit and has taken no adequate steps to secure necessary experts or to respond to discovery, while the defendants have incurred substantial expenses and legal fees from defending the suit. Thus, the defendants contend that, if The Hamlin Group is unwilling to dismiss its claims with prejudice, while simultaneously consenting to an order for dissolution of Clocktower Development, sanctions should be imposed on The Hamlin Group and its counsel.

In a Reply (docket no. 35), filed April 13, 2009—*i.e.*, before the defendants filed the brief in support of their resistance, but at the deadline for any reply to the Resistance filed April 8, 2009—The Hamlin Group argues that the temporary order in the Hamlins' divorce case can be construed, and has been construed by counsel in the divorce case, to preclude the Hamlins from expending any money on this litigation. The Hamlin Group also argues that there is no "legal" prejudice to the defendants, because any "cloud on the

title" of certain property at issue in this case arises from the pendency of this litigation, but no such "cloud" would exist if this litigation were voluntarily dismissed. The Hamlin Group also argues that it has not been dilatory, because it took reasonable steps to engage in discovery and to secure experts, but The Hamlin Group also argues that this case can be proved without experts. The Hamlin Group also argues that the pending third-party claim lacks any independent basis for federal jurisdiction, because the third-party plaintiff and the third-party defendant are both Iowa citizens, so that the third-party claim can and should be re-filed in state court. Finally, The Hamlin Group argues that the defendants' estimates of their expenses and legal fees accrued thus far must be exaggerated, but even if they are true, the cost of litigation already incurred is not a reason for denying voluntary dismissal.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides for voluntary dismissal with a court order, as follows:

> **(2) By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2). Some time ago, the Eighth Circuit Court of Appeals explained that "[t]he purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987); *see also Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979) (the nonmovants "must be able to demonstrate some plain legal prejudice flowing to them as

4

a result of a [Rule 41(a)(2)] dismissal," such as that the movant will gain a tactical advantage); *New York, C & St. L. R. Co. v. Vardaman*, 181 F.2d 769, 770 (8th Cir. 1950) (voluntary dismissal should be permitted, in the court's discretion, unless the defendant would suffer some "'plain legal prejudice other than the mere prospect of a second law suit,'" quoting *Cone v. West Virginia Pulp and Paper Co.*, 330 U.S. 212, 217 (1947)).

More specifically, in *Paulucci*, the court noted that "[c]ourts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Id*. Instead, the court identified the "types of prejudice which might support denial of a motion for voluntary dismissal" as the following: "(1) emotional and psychological trauma associated with the experience of defending another lawsuit, (2) the prejudice resulting from uncertainty over title to land, and (3) the absence of a justification for the proposed dismissal." *Id*. at 783 (citing *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974)). The court also identified factors to be considered in deciding a Rule 41(a)(2) motion as including "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Id*. (citing *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

In *Paulucci*, the court found that, although the plaintiff could be required to compensate the defendants for expenses incurred in a prior action and the action then before the court, the prejudice from another lawsuit could not be so eliminated; that the possibility of future litigation would generate uncertainty about the title to the land at issue and possibly jeopardize a development project; and that the plaintiffs had offered no explanation for seeking voluntary dismissal. *Id*. The Eighth Circuit Court of Appeals also held that the district court had properly considered the expenses incurred by the defendants

in earlier related litigation involving the same issues, along with other factors, as evidence of prejudice to the defendants from another voluntary dismissal. *Id*. at 783-84. Thus, the appellate court concluded that voluntary dismissal had been properly denied.

Try as they might, the defendants have not convinced the court that they will suffer prejudice sufficient to preclude a voluntary dismissal under Rule 41(a)(2). *Id*. First, unlike the plaintiffs in *Paulucci*, The Hamlin Group *has* offered an explanation for voluntary dismissal, a temporary order in a pending divorce action between the Hamlins preventing them from funding the litigation on behalf of The Hamlin Group. *See id*. at 783 (one type of prejudice was lack of explanation for the voluntary dismissal and one factor to consider is whether the plaintiff has offered insufficient explanation of the need to take a dismissal, and the plaintiffs offered no explanation for the voluntary dismissal they sought). The court agrees that the "Mutual Financial Restraining Order" provision of the Temporary Order in the Hamlins' divorce case, and perhaps other provisions of that order, Defendants' Exhibit 2, could reasonably be read to prevent the Hamlins from funding litigation on behalf of The Hamlin Group, and it is clear that Jane Hamlin has been so advised by her divorce attorney. *See* Plaintiff's Exhibit 1.

Also, unlike the situation in *Paulucci*, it is the *present* litigation that appears to cast a cloud on the title of some property at issue—and the court is not even convinced that the present litigation does so—but dismissal of The Hamlin Group's claims will likely eliminate any such cloud. Here, The Hamlin Group contends that the defendants failed to transfer the land in question to Clocktower Development as promised, giving rise to claims of breach of contract and fraud, among others, not that land owned by The Hamlin Group was improperly taken from it, and The Hamlin Group seeks economic damages, but does *not* seek transfer of title of the land in question, either to The Hamlin Group or Clocktower Development, as a remedy on its claims. *See* Amended Complaint (docket no. 18); *and*

6

*compare Paulucci*, 826 F.2d at 783 (another kind of prejudice was a cloud on the title of property from the possibility of future litigation, and such a cloud existed, because the plaintiffs claimed that the defendant city took their land for a non-public use, and if the plaintiffs were to prevail on their claim, at a minimum, the city would have to return the land to the plaintiff, so future litigation asserting the plaintiffs' claim would generate uncertainty about the title to the land and possibly jeopardize the development of the city's project).

Nor do other factors identified in *Paulucci* weigh against dismissal. *See Paulucci*, 826 F.2d at 783 (factors to be considered in deciding a Rule 41(a)(2) motion include "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant"). While it is no doubt true that the defendants have incurred some expenses in litigating this case so far, discovery has not yet closed, the defendants have not shown that they have already engaged in extensive discovery, and trial is not set until January 11, 2010, so that pretrial preparations have not already occurred. *Id.* (first factor). The record also does not show any excessive delay or lack of diligence on the part of The Hamlin Group in prosecuting the action except, perhaps, the delays and inability to proceed arising in the last few months from the lack of funding following the filing of the Hamlins' divorce action, which is precisely the reason proffered for the voluntary dismissal. *Id.* (second factor). Finally, no motion for summary judgment has yet been filed by the defendants in this case. *Id.* (fourth factor).

Turning to the express requirements of Rule 41(a)(2) itself, it does not appear that the defendants' counterclaim necessarily cannot "remain pending for independent adjudication." *See* FED. R. CIV. P. 41(a)(2) (providing, in part, that "[i]f a defendant has

7

pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication"). Authority on the meaning of this requirement is scant, but some time ago, one court read this requirement to mean that, as long as the court has jurisdiction over the parties and the controversy in the counterclaim, the counterclaim can be "independently adjudicated," even if that adjudication might be dismissal for failure to state or claim or such other adjudication as may be had during the course of the proceedings. *See United States for Use and Benefit of Fairbanks Morse and Co. v. Bero Constr. Corp.*, 148 F. Supp. 295, 298-99 (S.D.N.Y. 1957). Here, no party disputes personal jurisdiction, and there is diversity jurisdiction over the defendants' counterclaim for the same reason that there is diversity jurisdiction over the plaintiff's claims. *Id*. Therefore, the pendency of the counterclaim does not bar voluntary dismissal of The Hamlin Group's action, even if adjudication of that claim might ultimately involve dismissal for failure or inability to join all necessary parties to resolve that counterclaim. *Id*.

Contrary to the defendants' contentions, the court finds the pendency of the third-party complaint is irrelevant to its analysis of whether voluntary dismissal of The Hamlin Group's claims should be allowed. This is so, because the court finds that leave to assert the third-party complaint was improvidently granted and that this court does not have subject matter jurisdiction over the third-party complaint. The court has raised this issue *sua sponte,* because federal courts are courts of limited jurisdiction and must assure themselves that they have subject matter jurisdiction over claims before them at all stages of the proceedings, even if the parties do not raise the question of subject matter jurisdiction themselves. *See Crawford v. F. Hoffman-La Roche, Ltd.*, 267 F.3d 760, 764 n.2 (8th Cir. 2001) ("[F]ederal courts are obligated to raise the issue of subject-matter

jurisdiction *sua sponte*.") (citing *Andrus v. Charlestone Stone Products Co.*, 436 U.S. 604, 608 n. 6, 98 S. Ct. 2002, 56 L. Ed. 2d 570 (1978)); *see also Morris v. Winnebago Indus., Inc.*, 936 F. Supp. 1509, 1530 n.8 (N.D. Iowa 1996); *McCorkindale v. American Home Assur. Co.,* 909 F. Supp. 646, 649 n. 4 (N.D. Iowa 1995); *Laird v. Ramirez,* 884 F. Supp. 1265, 1269-70 (N.D. Iowa 1995). Leave to assert the third-party complaint was improvidently granted, because the third-party claim for dissolution of Clocktower Development is not that Clocktower is or may be liable to Third Generation for all or part of The Hamlin Group's claim against Third Generation, as required for a third-party complaint pursuant to Rule 14 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."). Rather, Third Generation asserted that its third-party complaint against Clocktower was appropriate, because "Clocktower Development, LLC is an entity that is required to be included as a Third-Party Defendant in the present action so that all disputes and issues can be resolved between the parties and their obligations and responsibilities as members of Clocktower Development, L.L.C." and because "adding Clocktower Development, LLC as a Third-Party Defendant to this litigation will ensure proper and complete resolution of issues and disputes between the present parties." Defendants' Motion To File Third-Party Complaint (docket no. 19) at 2, ¶¶ 5-6. These allegations plainly do not fit the requirements of Rule 14.

Section 1367(a) of Title 28 of the United States Code provides that district courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," 28 U.S.C. § 1367(a), *but* when original jurisdiction is based solely on diversity of citizenship—as is the case here—district courts "shall not have supplemental

9

jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14 [impleader], 19 [compulsory joinder], 20 [permissive joinder], or 24 [intervention] of the Federal Rules of Civil Procedure, . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332," *id.* § 1367(b). *See also Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 820 (8th Cir. 2001) (supplemental jurisdiction was proper when the plaintiffs' claim against one plaintiff was part of the same case or controversy as the original claims, and that plaintiff was not made a party by the other plaintiffs under any of the rules specified in § 1367(b)). Here, if only the counterclaim remains before the court for independent adjudication after dismissal of The Hamlin Group's claims, then the parties would be realigned with the present defendants as the plaintiffs and The Hamlin Group as the defendant. Clocktower Development has been added to this litigation as a party solely by application (or misapplication) of Rule 14, and any alternative basis for adding Clocktower Development as a party (aligned with The Hamlin Group on a claim by the defendants, realigned as the plaintiffs) would be pursuant to one of the other rules identified in § 1367(b). *See, e.g.,* FED. R. CIV. P. 19(a)(1)(A) (a party must be joined, if the joinder of that party will not deprive the court of subject matter jurisdiction, and in that party's absence, the court cannot accord complete relief among existing parties); FED. R. CIV. P. 20 (permissive joinder). The court notes that the basis alleged for adding the purported third-party claim against Clocktower Development matches the requirements of Rule 19. *Compare* Defendants' Motion To File Third-Party Complaint (docket no. 19) at 2, ¶¶ 5-6 (Third Generation asserted that its third-party complaint against Clocktower was appropriate, because "Clocktower Development, LLC is an entity that is required to be included as a Third-Party Defendant in the present action so that all disputes and issues can be resolved between the parties and their obligations and responsibilities as members of Clocktower

Development, L.L.C." and because "adding Clocktower Development, LLC as a Third-Party Defendant to this litigation will ensure proper and complete resolution of issues and disputes between the present parties."); *with* FED. R. CIV. P. 19 (one alternative for "required joinder" of a party that is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction is that "(A) in that person's absence, the court cannot accord complete relief among existing parties"). However, subject matter jurisdiction over the third-party complaint *would be* inconsistent with the jurisdictional requirements of § 1332, *see* 28 U.S.C. § 1367(b) (limitations on supplemental jurisdiction), and would deprive the court of subject matter jurisdiction, *see* FED. R. CIV. P. 19 ("required joinder" of a party must not deprive the court of subject matter jurisdiction), because Third Generation and Clocktower Development are both Iowa citizens, so no diversity of citizenship exists as to a claim between those parties.[2] Indeed, the court believes that full resolution of Third Generation's claim for dissolution of Clocktower Development is a matter that properly belongs in state court, notwithstanding that a counterclaim against one of the required parties is pending in this court, both because of the nature of the claim and because joinder of Clocktower Development itself, as a required party, may not be possible without destroying diversity jurisdiction.

Thus, not only is the pendency of the third-party complaint irrelevant to the court's determination of whether or not to allow voluntary dismissal of The Hamlin Group's claims, but the court finds that it must *sua sponte* dismiss that third-party claim for lack of subject matter jurisdiction.

---

[2] Presumably, Clocktower Development was not an original plaintiff in this action, even though it is the party to whom The Hamlin Group alleges that the defendants promised to transfer the property in question, because the presence of Clocktower Development, an Iowa citizen, would have destroyed diversity jurisdiction.

11

It appears that the defendants assert that any voluntary dismissal of The Hamlin Group's claims should be conditioned on dissolution of Clocktower Development, that is, conditioned on the relief for which the defendants pray on their counterclaim and third-party claim, and on dismissal with prejudice, and/or on imposition of sanctions against The Hamlin Group and its counsel. The court does not find that conditioning voluntary dismissal on dissolution of Clocktower Development, dismissal with prejudice, or imposition of any sanctions, such as costs, on The Hamlin Group is appropriate. *See* FED. R. CIV. P. 41(a)(2) (voluntary dismissal when a court order is required may be "on terms that the court considers proper"). First, as explained above, the court does not have subject matter jurisdiction over claims against all of the parties required for dissolution of Clocktower Development. Second, the court finds no sufficiently egregious conduct on the part of The Hamlin Group such that either dismissal with prejudice or sanctions would be appropriate.

THEREFORE,

1. The April 3, 2009, Motion For Rule 41(a)(2) Voluntary Dismissal (docket no. 28) filed by plaintiff The Hamlin Group, L.L.C., is **granted**, to the extent that The Hamlin Group's claims are **dismissed without prejudice** pursuant to Rule 41(a)(2), but the defendants' counterclaim shall remain pending for independent adjudication.

2. The Third-Party Complaint Against Clocktower Development, L.L.C., (docket no. 23), by defendant and third-party plaintiff Third Generation Investments, Inc., is **dismissed *sua sponte* for lack of subject matter jurisdiction.**

**IT IS SO ORDERED.**

**DATED** this 5th day of May, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA